## Houghland v. Wall et al.

Jan. 18, 1944.

Wells Overbey for appellant.

R. H. Hood for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

G. W. Wall, approximately ninety years of age, was an uneducated negro, unable to read or write. He owned a small farm near Murray, Kentucky. W. G. Harris purchased from Wall approximately 40 acres of the farm for the purpose of promoting a clay mine thereon. One hundred dollars was paid down, and the balance, evidenced by notes, was payable as follows: $1,000 April 15, 1934; $1,000 May 15, 1934; $1,000 June 15, 1934; and $2500 December 15, 1934. Wall executed the deed to the property March 23, 1934, the date of the sale, and retained a vendor's lien to secure the payment of the notes recited above. The deed was recorded on the 27th day of July, 1935. The $2500 note, not having been paid, was assigned by Wall to Mason Houghland on the 11th day of December, 1935. At the time of the assignment, Harris acted as the agent of Houghland. The lien was never assigned, either on the margin of the record or by separate instrument. Harris at all times was trying to interest Houghland in investing in a company to operate the mines, and on one occasion Houghland visited the property in company with Harris. It was generally known among business circles that Harris was acting as Houghland's agent throughout the entire period of time

mentioned in the evidence, although Houghland testified that he refused to enter into an agreement in respect to the operation of the mines. Mr. Houghland never saw Wall, nor did he have any transaction with him except that which was handled by Harris as his agent. Harris sold the property to the West Kentucky Mineral Company on the 26th day of June, 1935, which company mortgaged the property to R. C. Butterworth on the 12th day of September, 1939. However, on the 14th day of July, 1939, although the note assigned to Houghland had not been paid, Harris requested Wall to release the lien on the margin. Being unlettered and ignorant of such transactions, Wall sought the advice of Q. T. Guier, Secretary-Treasurer of the West Kentucky Mineral Company; T. H. Stokes, President of the Peoples Bank; and his own lawyer, T. W. Crawford, before making the entry on the record. Each of them advised Wall to sign the release, which he did. The Mineral Company defaulting in its payment of the mortgage, Butterworth foreclosed his lien on the property and the land was sold by the Master Commissioner of the Calloway Circuit Court for the sum of $1500, an amount insufficient to pay the mortgage lien. Houghland was not made a party to the suit, and did not learn that Wall had released the vendor's lien until June, 1941, almost a year after the filing of the foreclosure suit. Wall died in the year 1940, seized of ten acres of land in the suburbs of Murray. He left a personal estate in the approximate sum of $365. Basing his action upon the damages sustained by him by reason of the alleged fraudulent release of the vendor's lien by Wall, Houghland brought this suit to recover of Wall's administrators and devisees, as damages resulting from the release of the lien, the sum of $2500 with interest from the date of the note, subject to a payment of $100 made on November 16, 1935. The case was submitted to the Chancellor for trial and judgment was entered dismissing the petition.

Although the record shows that Harris at all times mentioned in the evidence lived in Nashville, Tennessee, the home of Houghland, the latter admitted in his testimony that he had made no attempt to collect the proceeds of the note from Harris, nor did he make any bona fide attempt to learn his whereabouts. There is no evidence conducing to show that Harris is not financially able to pay the note.

The lien retained was mere security for the pay-

ment of the debt. If the obligation can be collected from Harris, no damage has resulted to Houghland by reason of the release of the lien; and, since the burden of proof in respect to damages is upon Houghland, it is incumbent on him to show that the debt is not otherwise collectible. He has failed to meet that burden, for which reason the court properly dismissed the petition and entered judgment in favor of appellees.

The judgment is affirmed.